IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ROBERT CALVIN CRAIG, JR.,       )
                                )
                Plaintiff,      )
                                )
        v.                      )       1:25CV122
                                )
NOVANT HEALTH,                  )
                                )
                Defendant.      )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1), submitted in conjunction with a Complaint for Declaratory Relief (Docket Entry 2; see also Docket Entry 3 (Civil Cover Sheet)). The Court will grant the instant Application for the limited purpose of recommending dismissal of this action as frivolous (due to the lack of subject matter jurisdiction) under 28 U.S.C. § 1915(e)(2)(B)(i).

INTRODUCTION

The Complaint identifies Plaintiff as "a resident of Charlotte N.C." (Docket Entry 2 at 2)[1] and Defendant as "a health care corporation in Forsyth County, the city of Winston[-]Salem" (id.; see also id. (giving address in Winston-Salem, North Carolina, for "service" on Defendant via its "C.E.O.")). According to the

---

[1] Quotations from Plaintiff's filings apply standard capitalization conventions and omit any underscoring.

Complaint, "[t]he Court obtains jurisdiction to hear, allow and grant relief under 28 U.S.C. [§] 2201 and to grant injunctive relief under 28 U.S.C. [§] 1331." (Id. at 1; see also Docket Entry 3 at 1 (checking box to indicate "Federal Question" as "Basis for Jurisdiction" (all-caps and bold font omitted)).) The Complaint does not identify a cause of action (see Docket Entry 2 at 1-5), but describes Plaintiff's claim against Defendant as one for disclosure of his medical records (see id.). On his Civil Cover Sheet, Plaintiff listed "42 U.S.C. [§] 1320" (Docket Entry 3 at 1), in response to a directive to "[c]ite the U.S. Civil Statute under which [he] . . . fil[ed]" (id.), and listed "[s]evere medical injury - medical records needed - refused/false recors [sic]" (id.), as the "[b]rief description of [his] cause [of action]" (id.). For relief, the Complaint "requests . . . issu[ance of (A) an] order upon [Defendant] . . . to release a full true paper copy of [] Plaintiff['s] medical records from Jan. 1, 2020 to . . . Feb. 11[,] 202[5]" (Docket Entry 2 at 4), and (B) an "order to . . . cease all retaliatory acts such as refusal to refell [sic] Plaintiff[']s medication[ and] ostomy supplies" (id. at 5), and refusal "to see [him] in the emergency room, requiring [him] to set [sic] hours waiting for needed I.V. fluids and medical care" (id.).

## DISCUSSION

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at Section 1915], is intended to guarantee that

2

no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . (B) the action . . . (i) is frivolous . . . ." 28 U.S.C. § 1915(e)(2). As to that ground for dismissal, the United States Supreme Court has explained that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Nagy, 376 F.3d at 256 ("The word frivolous is inherently elastic and not susceptible to categorical definition." (internal quotation marks omitted)).

Notably, the Court bears "an independent obligation to determine whether subject-matter jurisdiction exists," Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010), and, to that end, "[a]s part of th[e] frivolity review under § 1915(e)(2), the Court may consider whether it has subject matter jurisdiction," Gateway Plaza Greensboro, LLC v. Spigner, No. 1:22CV1047, 2022 WL 22839643, at *1

3

Case 1:25-cv-00122-WO-LPA    Document 7    Filed 10/28/25    Page 3 of 6

(M.D.N.C. Dec. 29, 2022) (unpublished) (Peake, M.J.), recommendation adopted, slip op. (M.D.N.C. Jan. 30, 2023) (Eagles, J.); accord, e.g., Glenn v. Glenn, No. 1:21CV510, 2021 WL 12157701, at *2 (M.D.N.C. Dec. 16, 2021) (unpublished) (Webster, M.J.), recommendation adopted, 2022 WL 21828633 (M.D.N.C. Jan. 11, 2022) (unpublished) (Biggs, J.); see also Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968) ("The burden is on the party asserting the jurisdiction of the court to show that jurisdiction does, in fact, exist."). Put another way, "[a]n in forma pauperis complaint that fails to establish subject matter jurisdiction lacks an arguable basis in law, and therefore may be dismissed sua sponte." Hill v. United States, No. 1:12CV92, 2013 WL 1192312, at *4 n.5 (N.D. W. Va. Mar. 22, 2013) (unpublished); see also Utley v. Utley-Frye, No. 5:23CV14, 2023 WL 3775069, at *3 (W.D. Va. June 2, 2023) (unpublished) ("[T]he complaint does not establish subject matter jurisdiction. In the absence of such jurisdiction, the complaint lacks an arguable basis in law and therefore fails as frivolous." (internal quotation marks, brackets, and ellipsis omitted)), recommendation adopted, slip op. (W.D. Va. Oct. 24, 2023).

In this instance (as documented in the Introduction), Plaintiff has purported to invoke the Court's federal question jurisdiction, see 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), via

4

(A) the Declaratory Judgment Act, see 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, except with respect to [certain matters] . . ., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."), and (B) a provision within a chapter of the Social Security Act restricting the use of certain federal funds, see 42 U.S.C. § 1320 ("No payment shall be made under this chapter with respect to any experimental, pilot, demonstration, or other project all or any part of which is wholly financed with Federal funds made available under this chapter (without any State, local, or other non-Federal financial participation) unless such project shall have been personally approved by the Secretary or Deputy Secretary of Health and Human Services."). The latter provision, by its plain language, does not provide a cause of action for (and, in fact, does not mention) recovery of medical records. See id. Similarly, by its plain language, the former statute only creates a remedy for litigants where a federal court already possesses jurisdiction. See 28 U.S.C. § 2201(a). Under these circumstances, Plaintiff has failed to establish a basis for this Court to exercise federal question jurisdiction over this action.[2]

---

[2] Nor does the Complaint allege facts adequate to support a finding that the Court possesses diversity of citizenship (continued...)

CONCLUSION

This case may not proceed in this Court due to the absence of a showing of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the instant Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed without prejudice as frivolous (for lack of subject matter jurisdiction) under 28 U.S.C. § 1915(e)(2)(B)(i).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 28, 2025

---

[2](...continued)
jurisdiction, see 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except . . . [lawful permanent residents] domiciled in the same State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States."). (See Docket Entry 2 at 2 (alleging that Plaintiff resides in North Carolina and that Defendant operates from corporate base in North Carolina, while omitting any facts indicating that Defendant's citizenship would fall outside of North Carolina); see also id. at 1-5 (seeking only non-monetary relief and alleging no facts establishing value of such relief).)